Simon, J.
The defendants are sued as endorsers of a draft, which was protested for non-payment at maturity. They pleaded the want of legal notice. There was judgment of nonsuit below against the plaintiff, from which he has appealed.
The certificate of the notary states, that the endorsers were notified of the protest by letters to them addressed, and served on them, by enclosing the notices for the drawer and endorsers in the one for N. C. Hall, Esq. cashier, which the notary directed to him at St. Francisville, and depositing the same in the post office in the city of New Orleans, where the protest was made.
The testimony of Wm. Christy, the notary, proves, that the notices for the defendants were forwarded enclosed in the notice to N. C. Hall, who states, that he received the notices of protest by the first mail after the protest of the draft, and that there were three notices, two of which were directed to the defendants. Hall adds, that he was in the habit of putting the notices in the post office on the day after he received them; that these notices were directed to St. Francisville, and put in that office ; and that they were sent to the post office at St. Francisville, which, he believes, is the office at which the endorsers are in the habit of getting their letters.
The testimony of Collins establishes, that the defendants reside in the parish of West .Feliciana, and in the country; that *59 Samuel L. Doherty resides about twenty miles from the town of St. Francisville, and Anthony Doherty about eighteen miles from said town. He further states, that the post office at Laurel Hill, in the parish of West Feliciana, is much nearer the residence of Anthony Doherty than the one at St. Francisville; and that the post office at Pinckneyville, in the State of Mississippi, is much nearer the residence of Samuel L. Doherty, than the one to which the notice was sent.
We think the judgment appealed from is correct. The notices, instead of being forwarded by the notary addressed to the defendants at their domicil, or usual place of residence, (B. & C.’s Digest, 43, § 14,) were sent enclosed in a letter to another person, who, although he states he received them by the first mail after the protest, proves that he kept them, and did not put them in the post office, according to his habit, until the day after he received them. These notices, after haviug been taken out of the post office, (the evidence does not show when,) were deposited there again on the next day, directed to the defendants at the very place where said post office is kept; they were not to be conveyed by mail to some other post office, but were to remain there until sent for by the defendants. Under these facts, it is clear that, either under the act of 1827, already referred to, or under the commercial law, the notice is insufficient. It is a rule well recognized, that notice must be given by the earliest ordinary conveyance, unless under extraordinary circumstances which may excuse a greater delay. Under the statute, the mail is pointed out as being, in a case like this, the earliest ordinary conveyance ; but such conveyance must not be interrupted on its way to its destination. The notice is to reach the post office to which it is addressed, in order that it may be there delivered to the person to, whom it is directed, after the arrival of the mail Here, the notices were taken out of the post office where they were to remain, were deposited there again on the next day, and, if it be true, that the endorsers were in the habit of receiving their letters there, we may fairly presume that they called for their letters after the arrival of the mail by which they were conveyed to Hall, and that, under the circumstances, they could not then be delivered to them. This must have occasioned a delay which *60 cannot be excused, as it was the duty of the notary to direct the notices to the endorsers at their domicil or place of residence, and not to send them to a third person, for the purpose of being subsequently deposited in the same post office.
Under the commercial law, this notice is equally insufficient; as, when in the hands of their co-endorser, Hall, the cashier of the bank in which the draft had been deposited for collection, it should have been sent to the defendants by some other mode of conveyance. It is well known that, under the commercial law, it is not sufficient notice to an endorser, to deposit the notice in the post office of the place or town in which, or in the neighborhood of which he resides. 5 Mart. N. S. 139. Ibid. 158. Ibid. 360. 6 Mart. N. S. 508. 7 Ibid. N. S. 492.
The objection resulting from the proof that there are other post offices nearer to the defendants’ residences, might perhaps, also be successfully urged j but it is unnecessary to express any opinion upon it.

Judgment affirmed.